**UNITED STATES of America,**
**Appellee,**

v.

**Luis AGUDELO Defendant–Appellant.**

**Docket No. 04–2223–CR.**

United States Court of Appeals,
Second Circuit.

July 13, 2005.

---

Louis R. Aidala, New York, NY, for Defendant–Appellant.

Joshua A. Goldberg, Assistant United States, Attorney (Peter G. Neiman, Assistant United States, Attorney, on the brief), for David N. Kelley, United States Attorney for the Southern District of New York, for Appellee.

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED** in part.

Defendant–Appellant Luis Agudelo appeals from a judgment of the United States District Court for the Southern District of New York (Owen, *J.*), convicting him of conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(B). Agudelo was sentenced principally to 97 months' imprisonment and three years' supervised release. On appeal, Appellant challenges his conviction on the grounds that the District Court erred in (1) admitting testimony about alleged prior cocaine deals between Agudelo and a cooperating witness, and (2) admitting testimony related to a hidden com-

---

* The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

partment in Agudelo's car while excluding evidence suggesting that the hidden compartment was installed by a prior owner of the vehicle. This summary order does not address Appellant's challenge to his sentence, which is treated in a separate opinion.

Familiarity with the relevant facts, procedural history, and legal issues is presumed. We review a district court's evidentiary rulings for abuse of discretion, *United States v. Anglin*, 169 F.3d 154, 162 (2d Cir.1999), reversing only if the district court acted "in an arbitrary and irrational fashion," *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir.1996). Because we find that the District Court did not abuse its discretion, we affirm Appellant's conviction.

## I.

■ Appellant argues that the District Court erred in admitting testimony by a cooperating witness that Agudelo and the witness engaged in cocaine deals together six to seven years before he was indicted. We have interpreted Federal Rule of Evidence 404(b) to permit the admission of evidence of "other crimes, wrongs, or acts" for any purpose other than to demonstrate criminal propensity. Fed.R.Evid. 404(b); *see United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir.2004) (per curiam). Before admitting such evidence, a district court must insure that it is: "[1] advanced for a proper purpose; [2] relevant to the crime for which the defendant is on trial; [3] more probative than prejudicial; and, [4] if requested, admitted with limiting instruction to the jury." *United States v. Ramirez*, 894 F.2d 565, 568 (2d Cir.1990) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)).

The District Court did not abuse its discretion in admitting evidence of Agude-

lo's prior narcotics deals because each of the relevant factors was satisifed. First, the evidence was admitted for the proper purposes of informing the jury of the background of the illegal relationship between Agudelo and the witness, *see United States v. Pascarella*, 84 F.3d 61, 72–73 (2d Cir. 1996), and proving knowledge and intent, *see United States v. Martino*, 759 F.2d 998, 1005 (2d Cir.1985). Second, the evidence was relevant insofar as "the jury could reasonably find by a preponderance of the evidence that the act occurred and that the defendant committed the act," *Ramirez*, 894 F.2d at 569, and the case law does not support Defendant's contention that the prior narcotics deals were too remote in time to be relevant and reliable, *see, e.g., Martino*, 759 F.2d at 1004–05. Third, the District Court did not abuse its discretion in finding that the evidence was more probative than prejudicial, notwithstanding that the alleged prior narcotics deals involved cocaine rather than heroin. *See LaFlam*, 369 F.3d at 156 n. 1 ("The requirement that the other act and the charged offense must be similar applies only where the other act evidence is offered to prove a defendant's intent or knowledge."). With regard to Defendant's complaint that the District Court did not explicitly engage in a balancing of whether the evidence was more probative than prejudicial, we note that "a mechanical recitation of the Rule 403 analysis is not required." *United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir.1992). Fourth, although no limiting instruction was requested, the District Court nevertheless gave one. In any event, even if the requirements for the admission of Rule 404(b) evidence had not been met, any error would have been harmless in light of the overwhelming evidence of Appellant's guilt presented at trial. *See United States*

*v. Dukagjini,* 326 F.3d 45, 61–62 (2d Cir. 2003).

Finally, we find that Defendant had "reasonable notice ... of the general nature" of the prior acts evidence that the government intended to introduce at trial. *See* Fed.R.Evid. 404(b). Therefore, the District Court did not abuse its discretion in denying Defendant's request for a continuance to investigate the alleged prior acts. *See Pascarella,* 84 F.3d at 68.

## II.

█ Appellant also challenges the admission of testimony by a DEA auto mechanic that he found a concealed compartment or "trap" in the back of Appellant's car. The DEA witness testified to finding a trap containing heroin in a co-defendant's car and an empty trap in Agudelo's car. Agudelo argues that the testimony violated Federal Rule of Evidence 402 because it was not relevant, and Federal Rule of Evidence 403 because it was more prejudicial than probative. *See* Fed. R.Evid. 402, 403.

Appellant's counsel stated at trial that he had "no objection" to the introduction of the DEA auto mechanic's testimony; therefore, we review the District Court's evidentiary ruling for plain error. *See United States v. Gordon,* 291 F.3d 181, 191 (2d Cir.2002). Even if the District Court committed "1) an error, 2) that is plain" by admitting the DEA witness's testimony, we cannot say that this error "affect[ed] [Agudelo's] substantial rights." *Id.* Given the substantial inculpatory evidence presented at trial, it is highly unlikely that the DEA auto mechanic's testimony "affected the outcome of the district court proceedings." *Id.* at 193 (quoting *United States v. Gore,* 154 F.3d 34, 47 (2d Cir.1998)).

Appellant also contends that the District Court's error in admitting the DEA witness's testimony was compounded by its exclusion of evidence indicating that the prior owner of the car had installed the trap. However, we cannot say that the District Court abused its discretion in excluding that evidence on grounds of hearsay. *See* Fed.R.Evid. 802. Furthermore, the District Court did not abuse its discretion in denying Agudelo a continuance on the last day of trial to procure non-hearsay testimony.

Accordingly, the judgment of the District Court is hereby AFFIRMED in part.