**UNITED STATES OF AMERICA,**
Appellee,

v.

**Jean DEMOSTHENE, Defendant–
Appellant.**

**No. 05–1683–CR.**

United States Court of Appeals,
Second Circuit.

March 31, 2006.

Randall D. Unger, Law Office of Randall
D. Unger; Bayside, NY, for Appellant.

Julian B. Berman (Harry Sandick, on
the brief), Assistant United States Attor-
neys, for Michael J. Garcia, United States
Attorney for the Southern District of New
York; New York, NY, for Appellee.

PRESENT: Hon. SONIA
SOTOMAYOR, Hon. BARRINGTON D.
PARKER, Circuit Judges, and Hon.
WILLIAM K. SESSIONS III,* Chief
District Judge.

---

* The Honorable William K. Sessions III, Chief
United States District Court Judge for the District of Vermont, sitting by designation.

## SUMMARY ORDER

Jean Demosthene appeals from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*), convicting him of possession of more than 500 grams of cocaine with intent to distribute and conspiracy to distribute more than 500 grams of cocaine. We assume familiarity with the underlying facts and procedural history.

■ First, Demosthene argues that the district court erred in declining to grant his request for a pre-trial suppression hearing. Demosthene moved to suppress evidence found in his car, alleging that it was obtained in violation of the Fourth Amendment. The district court found that a hearing was unnecessary because even construing all disputed facts in Demosthene's favor, the search of the car and the subsequent seizure of the cash was lawful. The facts surrounding the shooting gave the police probable cause to believe that the car contained evidence of the shooting, and thus, the warrantless search of the car was authorized under the automobile exception to the Fourth Amendment. Furthermore, admission of the evidence was independently justified by the inevitable discovery doctrine, because the facts established a reasonable probability that even if the police had not retrieved the cash from the car, they would still have brought the drug-sniffing dog to the car and conducted a lawful search based on the dog's alert. Therefore, we find that the district court did not abuse its discretion in declining to grant the suppression hearing.

■ Second, Demosthene argues that the district court erred in admitting evidence concerning a July 12, 2003 shooting pursuant to Rules 404(b) and 403 of the Federal Rules of Evidence. Rule 404(b) permits the admission of "other crimes, wrongs, or acts" for any purpose other than to demonstrate criminal propensity. Fed.R.Evid. 404(b); *see United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir.2004) (*per curiam* ). Before admitting such evidence, a district court must insure that it is: "[1] advanced for a proper purpose; [2] relevant to the crime for which the defendant is on trial; [3] more probative than prejudicial; and, [4] if requested, admitted with limiting instruction to the jury." *United States v. Ramirez*, 894 F.2d 565, 568 (2d Cir.1990) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)).

The district court did not abuse its discretion in admitting evidence of the shooting incident because each of the relevant factors was satisfied. First, the evidence was admitted for the purposes of informing the jury of the background of the illegal relationship between Demosthene and the cooperating witness, *see United States v. Pascarella*, 84 F.3d 61, 72–73 (2d Cir.1996), and proving knowledge and intent, *see United · States v. Martino*, 759 F.2d 998, 1005 (2d Cir.1985). Second, the evidence was relevant insofar as "the jury could reasonably find by a preponderance of the evidence that the act occurred and that the defendant committed the act," *Ramirez*, 894 F.2d at 569. Third, the district court did not abuse its discretion in finding that the evidence was more probative than prejudicial. *See LaFlam*, 369 F.3d at 156 n. 1 ("The requirement that the other act and the charged offense must be similar applies only where the other act evidence is offered to prove a defendant's intent or knowledge."). Fourth, no limiting instruction was requested. In any event, even if the requirements for the admission of Rule 404(b) evidence had not been met, any error would have been harmless in light of the overwhelming evidence of Demosthene's guilt. *See United*

*States v. Dukagjini,* 326 F.3d 45, 61–62 (2d Cir.2003).

Finally, Demosthene argues also that his conviction should be reversed because he was denied due process and a fair trial by the government's summation, in which the government advanced arguments unsupported by the record, improperly vouched for the credibility of witnesses, and wrongly argued that the evidence demonstrated Demosthene's propensity to deal drugs. Demosthene did not object to the comments at trial, and thus we review for plain error. *See United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Under the plain error doctrine, there must be error, and the error must be plain, affect substantial rights, and seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.* We conclude that the government's summation remarks are not grounds for reversal. *See United States v. Rivera,* 22 F.3d 430, 437 (2d Cir.1994)("If the defendant failed to make timely objection to a statement contained in the prosecutor's summation, the statement will not be deemed a ground for reversal unless it amounts to a 'flagrant abuse.' "); *United States v. Rodriguez,* 968 F.2d 130, 142 (2d Cir.1992)("It is a rare case in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." (internal quotations omitted)).

We have considered the defendant's remaining contentions and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.