**UNITED STATES of America, Appellee,**

v.

**Renaldo RODRIGUEZ, a/k/a Ray Rodriguez, Defendant–Appellant.**

**No. 1449, Docket 94–1095.**

United States Court of Appeals, Second Circuit.

Argued May 2, 1995.

Decided May 5, 1995.

Barry M. Fallick, Rochman Platzer Fallick Rosmarin & Sternheim, New York City, for defendant-appellant.

Alan B. Vickery, Asst. U.S. Atty., E.D.N.Y. (Susan Corkery, Jodi Levine Avergun, Asst. U.S. Attys., Zachary W. Carter, U.S. Atty., of counsel), for appellee.

Before: OAKES, WINTER, and MINER, Circuit Judges.

PER CURIAM:

Renaldo Rodriguez appeals from a conviction following a jury trial before Judge Raggi. Rodriguez was convicted on five counts: (i) possession of unregistered firearms, (ii) possession of a firearm by a convicted felon, (iii) possession of heroin with intent to distribute, (iv) use and carrying of a firearm "equipped with" a silencer during and in relation to drug trafficking, and (v) use and carrying of a firearm during and in relation to drug trafficking.

On appeal, Rodriguez makes two claims. First, Rodriguez argues that Judge Raggi erred in admitting evidence of Rodriguez's relationship with a drug organization. Second, he claims that he did not use a firearm "equipped with" a silencer because the silencer was not affixed to the firearm.

■ With regard to the claimed error in admitting other crimes evidence under Federal Rule of Evidence 404(b), much of the proof against appellant in the government's main case involved drugs and guns found in an apartment co-owned by Rodriguez and his spouse. Judge Raggi did not allow the government to present evidence of Rodriguez's contacts with the "Clemente Organization"—a drug conspiracy—during the government's case-in-chief. However, the defense theory was that Rodriguez was an electrician and not linked to the guns and drugs in the apartment because he was living elsewhere with a girlfriend and went to the apartment in question only to visit his children.

Judge Raggi later concluded that this defense theory raised the issue of the defendant's motive in visiting the apartment and allowed the government to show that Rodriguez was a supplier of narcotics to the Clemente Organization. We agree. It is conceded that Rodriguez owned and had access to the apartment where the guns and drugs were stored. This renders Rodriguez's state of mind when he went to the apartment an issue of paramount importance, and his role as a supplier of narcotics was evidence that his visits were not solely for familial purposes.

Judge Raggi performed the proper analysis under *Huddleston v. United States*, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988), and determined that the evidence was relevant for a purpose other than simply to prove the defendant's bad character. The district court also properly determined that the evidence satisfied the balancing test of Federal Rule of Evidence 403. *See id.* at 691–92, 108 S.Ct. at 1502.

■ Rodriguez's second claim is that a firearm specially threaded to accept a particular silencer, which is kept in close proximity with such a silencer, is not a firearm "equipped with" a silencer under 18 U.S.C. § 924(c)(1). We reject appellant's contention for substantially the reasons stated in Judge Raggi's opinion. *United States v. Rodriguez*, 841 F.Supp. 79 (E.D.N.Y.1994).

We therefore affirm.