**UNITED STATES of America,**
**Appellee,**

v.

**Esmeraldo CIRIACO Defendant–**
**Appellant.**

**No. 03–1423.**

United States Court of Appeals,
Second Circuit.

Feb. 11, 2005.

Martin R. Stolar, Bernard V. Kleinman, New York, NY, for Appellant, of counsel.

David N. Kelley, United States Attorney, Stephen A. Miller, Karl Metzner, Assistant United States Attorneys, for Appellee, of counsel.

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

## SUMMARY ORDER

Defendant-appellant appeals from his conviction following a jury trial for conspiracy to possess and distribute cocaine and heroin. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■ Ciriaco first argues that the district court erred by admitting evidence of records detailing pre-conspiracy drug transactions. We review a district court's evidentiary rulings for abuse of discretion. *United States v. LaFlam,* 369 F.3d 153, 155 (2d Cir.2004). Evidence of crimes, acts, or wrongs other than the crime at issue is not admissible to prove criminal propensity, but is admissible for any other reason unless its probative value is substantially outweighed by its prejudicial effect. Fed.R.Evid. 404(b); *LaFlam,* 369 F.3d at 156. Here, the court admitted the records for the sole purpose of interpreting later records and assessing the opinion of an expert witness that later records did in fact reflect drug transactions, and twice explained this limited purpose to the jury. We therefore hold that the district court did not abuse its discretion.

■ Ciriaco next argues that the district court erred by not suppressing evidence derived from what he now claims was a forcible entry by federal agents into his apartment. Where a motion to suppress is denied, we construe evidence supporting that denial in the light most favorable to the government. *United States v.*

---

* The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

*Peterson,* 100 F.3d 7, 11 (2d Cir.1996). A suppression hearing is required if the defendant presents moving papers that are sufficiently definite, specific, detailed, and nonconjectural as to indicate relevant contested issues of fact. *United States v. Pena,* 961 F.2d 333, 339 (2d Cir.1992). When Ciriaco briefly raised this argument below, the district court instructed him to submit an affidavit or affirmation describing the forcible entry, which he failed to do. He therefore failed to meet the requirements of *Pena,* leaving us without any record evidence on which we could even consider overturning the district court's decision. We therefore hold that the district court did not err in denying the motion for suppression.

For the above reasons, we affirm the judgment of the district court.