**UNITED STATES of America,**
**Appellee,**

v.

**Tyron HAMMOND, Defendant–**
**Appellant.**

**Docket No. 05–0153–CR.**

United States Court of Appeals,
Second Circuit.

Sept. 30, 2005.

Anthony E. Kaplan, Assistant United States, Attorney (William J. Nardini, Assistant United, States Attorney, on the brief) for Kevin J., O'Connor, United States Attorney for the District of, Connecticut, New Haven, Conn., for Appellee.

Robert G. Golger, Quatrella & Rizio, LLC, Fairfield, Conn., for Defendant–Appellant.

Present: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **AFFIRMED** and the case **REMANDED** to the district court with instructions to vacate and resentence in accordance with *United States v. Fagans,* 406 F.3d 138, 140–41 (2d Cir.2005).

Defendant–Appellant Tyron Hammond ("Hammond") appeals his conviction, after a two-day jury trial, on a one-count indictment for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Appellant argues that the district court abused its discretion under Federal Rule of Evidence 404(b) when it permitted the Government to offer evidence that he had possessed the charged firearm on an earlier date. We assume that the parties are familiar with the facts, the procedural history, and the scope of issues on appeal.

We affirm the admission of the contested evidence for substantially the reasons stated by the district court. The evidence was probative of Appellant's identity as the perpetrator of the crime charged; the district judge carefully minimized the prejudicial effects of the prior crime by excluding potentially inflammatory facts about the prior act; and the judge gave limiting instructions at the close of the evidence, which properly described the limited purpose of the evidence. *See Fed.R.Evid.* 403, 404(b); *United States v. LaFlam,* 369 F.3d 153, 156–57 (2d Cir.2004) (per curiam). We have considered all of Appellant's other arguments on the admission of this evidence and find them to be without merit.

Hammond argues and the Government properly concedes that Appellant's sentence, imposed under the mandatory Sentencing Guidelines, violated *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). Because defense counsel made a timely objection to the district court's mandatory application of the Guidelines, we remand to the district court with instructions to vacate sentence and resentence in conformity with *Booker. See United States v. Fagans,* 406 F.3d 138, 140–41 (2d Cir.2005).

The conviction of the district court is therefore AFFIRMED, and the case is REMANDED for further proceedings in conformity with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Fagans,* 406 F.3d 138, 140–41 (2d Cir.2005).