**UNITED STATES of America,**
**Appellee,**

v.

**Myshion CATO, Defendant–Appellant.**

**No. 05–2929–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 23, 2005.

Edward Chang, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, District of Connecticut, on the brief; Sandra S. Glover, Assistant United States Attorney, of counsel), New Haven, CT, for Appellee.

Thomas P. Belsky, Assistant Federal Defender, (Thomas G. Dennis, Federal Public Defender, on the brief), New Haven, CT, for Defendant–Appellant.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.*

## SUMMARY ORDER

Defendant-appellant Myshion Cato ("Cato") appeals from a judgment of conviction, entered after a jury trial, finding Cato guilty of one count of illegally possessing a firearm in violation of 18 U.S.C. § 922(g). We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Cato alleges that the district court erred when it admitted into evidence two letters he sent from prison to the individual driving the car on the night he was arrested. Cato argues that the letters did not suggest consciousness of guilt and therefore were not relevant and that the danger that the letters would confuse or mislead the jury substantially outweighed their probative value. We disagree. The district judge's admission of the letters, in which Cato does not deny that he possessed the gun seized from the car and inquires whether the driver would be willing to claim responsibility for the seized firearm, did not constitute an abuse of discretion. *See United States v. Madori,* 419 F.3d 159, 168 (2d Cir.2005) (stating

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

that evidentiary rulings are reviewed for abuse of discretion); *United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir.2004) ("Unless a district court's determination of relevance is arbitrary or irrational, it will not be overturned." (citation and internal quotation marks omitted)). Nor did the judge abuse her discretion when she determined that the letters' probative value outweighed any potentially prejudicial effect they might have.

■ Cato argues also that the district court erred in improperly redacting from his second letter the terms of years he faced in prison if convicted. The district judge acted within her discretion when she found that the term of years cited in Cato's letter would distract the jury from its fact-finding responsibility. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994) ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.").

■ Cato further argues that the district judge erred when she failed to give the jury an instruction, requested by the defense, regarding the consciousness of guilt of the driver of the car in which Cato was a passenger. A trial court's decision not to include a requested jury instruction may be overturned "only if the instruction that was sought accurately represented the law in every respect and only if viewing as a whole the charge actually given, the defendant was prejudiced." *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir.2005) (internal quotation marks and alteration omitted). The requested jury instruction was misleading because the driver was not on trial and a finding that he possessed the gun would not have absolved Cato of guilt. *See United States v. Dhinsa*, 243 F.3d 635, 677 (2d Cir.2001)

("It is of no moment that other individuals also may have exercised control over the weapon[ ]."). Moreover, Cato has not demonstrated that he was prejudiced by the exclusion of this jury instruction because ample evidence adduced at trial— including hearsay statements by the driver claiming ownership of the gun and the fact that police found a bullet of matching caliber in the driver's bedroom—tied the driver to the gun. *See United States v. Smith*, 198 F.3d 377, 386 (2d Cir.1999) (holding that absence of requested jury instruction on "consciousness of innocence" did not prejudice defendant where the defense had ample opportunity to elicit testimony and argue the theory to jury during summation).

For the reasons stated above, we AFFIRM the district court's judgment.