**UNITED STATES of America,**
**Appellee,**

v.

**Heather May CLEMENT–**
**SHENANDOAH,**
**Defendant,**

**Hai Thi Nguyen, Defendant–Appellant.**

**No. 05–3694–cr.**

United States Court of Appeals,
Second Circuit.

May 31, 2006.

Elizabeth S. Riker, Assistant United States Attorney (Carl G. Eurenius, Assistant United States Attorney, on the brief), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, N.Y., for Appellee.

Bruce R. Bryan, Syracuse, N.Y., for Defendant–Appellant.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PIERRE N. LEVAL, and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Hai Thi Nguyen ("Nguyen") challenges her conviction and sentence for conspiracy to possess with intent to distribute marijuana, a substance containing methylenedioxy-methamphetamine (that is, "ecstasy"), and 50 grams or more of methamphetamine, in violation of

21 U.S.C. § 846.[1] Judgment on the conviction entered on July 7, 2005, after a four-day jury trial before Judge Mordue, in the United States District Court for the Northern District of New York. Judge Mordue sentenced Nguyen to 215 months' imprisonment on the conspiracy count.

On appeal, Nguyen argues: (1) that the evidence was insufficient to support her conviction for conspiracy to distribute marijuana and ecstasy; (2) that the trial judge abused his discretion in admitting extensive testimonial evidence of her past criminal conviction; (3) that her trial counsel provided ineffective assistance by failing to make a timely motion for suppression of evidence obtained without a warrant from her cellular telephone; and (4) that the judge's finding, for sentencing purposes, that Nguyen was aware of the smuggled ecstasy tablets was not supported by the evidence. We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

■ Nguyen first argues that the evidence at trial was inconsistent with her knowing participation in the drug smuggling operation. In assessing a challenge to the sufficiency of the evidence underlying a conviction, we review the trial evidence in the light most favorable to the government. *United States v. Payton*, 159 F.3d 49, 55–56 (2d Cir.1998). Drawing all inferences in the prosecution's favor and deferring to the jury's credibility findings, *see United States v. Xiao Qin Zhou*, 428 F.3d 361, 369–70 (2d Cir.2005), the evidence adduced at trial—including Nguyen's consistent presence and apparent supervision of extremely suspicious cargo, Nguyen's threats to Heather May Clement–Shenandoah, documentary evidence undermining Nguyen's credibility at trial, Nguyen's false statements to investigating officers, the lack of corroboration of Nguyen's purported purpose to visit her sister—would support a rational factfinder's conclusion beyond a reasonable doubt that Nguyen was part of the conspiracy to chaperone the narcotics cargo. *See Payton*, 159 F.3d at 56 ("The ultimate question is not whether we believe the evidence adduced at trial established defendant's guilt beyond a reasonable doubt, but whether any rational trier of fact could so find." (emphasis omitted)).

■ Nguyen also contends that the admission of detailed evidence regarding her prior conviction was extremely prejudicial to her case. Evidence of a defendant's prior crime is admissible under Federal Rule of Evidence 404(b) only if it is relevant to some issue other than propensity, *see United States v. Garcia*, 291 F.3d 127, 136 (2d Cir.2002), and if, as required by Federal Rule of Evidence 403, its probative value is not substantially outweighed by any unfair prejudice, *see United States v. Williams*, 205 F.3d 23, 33 (2d Cir.2000). Reviewing the district court's decision to admit the contested evidence for an abuse of discretion, as we must, *see United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir.2004) (per curiam), we do not find one here. Nguyen had denied knowing anything about the drugs, making her knowledge and intent crucially important issues. Nguyen's prior conviction was highly probative evidence tending to rebut her claim of ignorance.

■ Nguyen further argues that she received ineffective assistance as a result of her trial counsel's failure to make a timely motion to suppress cell phone numbers that the DEA obtained from Nguyen's cell phone upon her arrest. A defendant

---

1. Nguyen does not challenge her contemporaneous conviction and sentence for unlawful entry into the United States, in violation of 8 U.S.C. § 1325(a).

claiming ineffective assistance must first demonstrate that "counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,'" and second, "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Cohen,* 427 F.3d 164, 167 (2d Cir.2005) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The failure to file a timely pretrial motion can amount to deficient attorney performance, but the defendant must show, *inter alia,* that there was actual prejudice, *i.e.,* a reasonable probability that the verdict would have been different absent the excludable evidence. *See Laaman v. United States,* 973 F.2d 107, 113 (2d Cir.1992). We conclude that there was no such probability that exclusion of the contested cell phone records would have changed the outcome in Nguyen's case.

Finally, Nguyen challenges the district court's sentence, which reflected the ecstasy found in the duffel bags. Nguyen argues that there was no evidence that she knew that ecstasy was involved or that she knowingly agreed to join or participate in a conspiracy to distribute ecstasy. The jury found, however, as permitted by uncontested instructions, that Nguyen was liable for both the ecstasy and the marijuana in the cargo. "[A] court is entitled to consider all transactions engaged in by a defendant or by his coconspirators ... if the transactions were either known to him or reasonably foreseeable to him." *United States v. Richards,* 302 F.3d 58, 70 (2d Cir.2002) (internal quotation marks and other alterations omitted). Nguyen suggests no reason why it would be more foreseeable to her that the duffels contained marijuana than ecstasy.

We have considered all of the remaining arguments made by the Defendant–Appellant and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.