**UNITED STATES of America,
Appellee,**

v.

**Scott A. SCHILLER, Defendant–
Appellant.**

No. 06–3105–cr.

United States Court of Appeals,
Second Circuit.

Feb. 11, 2008.

Craig P. Schlanger, Syracuse, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York (Edward R. Broton, Assistant United States Attorney, on the brief), Syracuse, NY, for Appellee.

Present: ROSEMARY S. POOLER, DEBRA A. LIVINGSTON, Circuit Judges and LEWIS A. KAPLAN,* District Judge.

## SUMMARY ORDER

Scott A. Schiller appeals a judgment convicting him of embezzlement in violation of 18 U.S.C. § 656 and sentencing him principally to thirty-four months' imprisonment. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Schiller contends that evidence of his cocaine purchases was improperly admitted because the prejudice to him resulting from its admission substantially outweighed its probative value. We will reverse and direct a new trial based on the admission of evidence of prior bad acts only if the district court abused its discretion by "rul[ing] in an arbitrary and irrational fashion." *United States v. Germosen*, 139 F.3d 120, 127 (2d Cir.1998) (quoting *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir.1996)) (internal quotation mark omitted). In determining whether prior-bad-acts evidence was properly admitted pursuant to Federal Rule of Evidence 404(b), we consider

whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant.

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

*United States v. LaFlam,* 369 F.3d 153, 156 (2d Cir.2004) (per curiam). The district court gave proper limiting instructions both immediately before the testimony was heard and before the jury retired to consider its verdict. In addition, it was clear from the district court's limiting charges, as well as from the prosecutor's summation, that the evidence was offered only on the issues of motive and identity, proper purposes under Rule 404(b). Motive and identity were both in dispute, and the evidence of Schiller's drug purchases was relevant to motive because it tended to show that Schiller purchased significant quantities of cocaine at prices he could not have afforded on his relatively modest salary and to identity because Schiller's motive made it more likely that he was the perpetrator. *See id.* at 157. Finally, the district court's determination that the probative value of the evidence was not "substantially outweighed" by the prejudice accruing to Schiller was not an abuse of discretion in light of the district court's careful limiting instructions and the government's failure to use the relevant evidence for any improper purpose.

We also reject Schiller's contention that the district court improperly enhanced his offense level by two levels for abuse of a position of trust. *See* U.S.S.G. § 3B1.3. Such an enhancement is proper if the defendant's position involves "professional or managerial discretion" and his position "contribute[s] in some significant way to facilitating the commission or concealment of the offense." *Id.* cmt. n. 1. Schiller's position as branch manager involved managerial discretion and significantly facilitated his concealment of his offense because he supervised the person whose responsibility it was to audit cash boxes and who, because of Schiller's position, did not adequately audit his box. *Cf. United States v. Barrett,* 178 F.3d 643, 646–47 (2d Cir.1999) (upholding an

enhancement for abuse of position of trust despite the defendant's inability to authorize the checks that were the vehicle for the embezzlement scheme because his authority as vice president for sales caused the accounting department not to question his requests for checks).

We therefore affirm the judgment below.