**UNITED STATES of America,**
**Appellee,**

v.

**Girolamo PALERMO, also known as**
**Jimmy Palermo, Defendant–**
**Appellant.**

No. 06–3792.

United States Court of Appeals,
Second Circuit.

Sept. 4, 2008.

Thomas H. Nooter, New York, NY, for Appellant.

Miriam E. Rocah, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Girolamo Palermo appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Mukasey, *J.* ), on July 18, 2006. Pursuant to that judgment, Palermo was convicted of participating in a racketeering enterprise, racketeering conspiracy, and conspiracy to murder in aid of racketeering. Familiarity with the underlying facts, the procedural history, and the issues presented for review are presumed.

## A. Admission of Co-conspirators' Plea Allocutions

■ The district court's admission of six co-conspirators' plea allocutions, in violation of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), did not rise to plain error as to Palermo. *See United States v. Dukagjini*, 326 F.3d 45, 60–61 (2d Cir.2003) (evaluating unpreserved Confrontation Clause claim for plain error). The plea allocutions were admitted solely as evidence of the existence of the charged conspiracies, and as to one such conspiracy, the jury acquitted Palermo. There was ample other evidence of the conspiracies (and of Palermo's involvement in them), including the testimony of three cooperating witnesses who were themselves members of the charged conspiracies, the testimony of law enforcement officers, surveillance photographs, tape recorded conversations, and documentary evidence. *See United States v. Snype*, 441 F.3d 119, 128–29 (2d Cir.2006) (affirming conviction despite admission of co-conspirators' plea allocutions because there was overwhelming evidence of the conspiracy).

Moreover, the plea allocutions did not identify Palermo as a member of a charged conspiracy, and the district court repeatedly instructed the jury that the plea allocutions could not be considered as evidence of Palermo's role. "[T]he law recognizes a strong presumption that juries follow limiting instructions." *Id.* at 129–30 (citing, *inter alia, Zafiro v. United States*, 506 U.S. 534, 540–41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)). That presumption has not been overcome on this trial record. The plea allocutions were not emphasized in the government's presentation of the case, or its closing arguments; and the evidence of Palermo's guilt was overwhelming. *See United States v. McClain*, 377 F.3d 219, 222 (2d Cir.2004); *cf. United States v. Becker*, 502 F.3d 122, 134–36 (2d Cir.2007).

## B. Venue

There was sufficient evidence to establish that Palermo's crimes were committed at least in part in the Southern District of New York. *See United States v. Saavedra*, 223 F.3d 85, 90–91 (2d Cir.2000) (holding that racketeering offenses with an "enterprise" element are continuing offenses that may be prosecuted in any district in which such offense was begun, continued, or completed); *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir.2003) (holding that "in a conspiracy prosecution, venue is proper in any district in which an overt act in furtherance of the conspiracy was committed by any of the coconspirators" (internal quotation marks and alterations omitted)).

## C. Admission of Evidence of Uncharged Crime

■ The admission of evidence concerning an uncharged 1960 murder in which Palermo participated was not a "clear abuse of discretion." *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir.1996). The evidence was relevant as background to explain Palermo's position of authority in the racketeering enterprise and his relationship of trust with the government's principal cooperating witness; and its probative value outweighed the risk of unfair prejudice. *See* Fed.R.Evid. 404(b) and 403; *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir.2004).

## D. Exclusion of Tape–Recorded Evidence

■ A single tape-recorded conversation that Palermo argues was erroneously excluded from evidence was duplicative of the other tape recordings and evidence admitted. As admission of the tape would

have been cumulative, any error in the court's decision to exclude it was harmless. *See United States v. Rea,* 958 F.2d 1206, 1220 (2d Cir.1992); *United States v. Weiss,* 930 F.2d 185, 199 (2d Cir.1991).

As we find no merit in Palermo's remaining arguments, the judgment of the district court is hereby **AFFIRMED.**