14-2986-cr(L)
United States v. Riccardi and Grasso

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand fifteen.

PRESENT:   RALPH K. WINTER,
               PIERRE N. LEVAL,
               REENA RAGGI,
                    *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                    Nos. 14-2986-cr(L)
                                                               14-3018-cr(Con)

RICHARD RICCARDI, LOUIS GRASSO, AKA Ronnie Petrino, AKA Luigi Grasso,
                    *Defendants-Appellants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:        SUSAN G. KELLMAN (Ezra Spilke, Law Offices of Ezra Spilke, PLLC, Brooklyn, New York, *on the brief*), Law Offices of Susan G. Kellman, Brooklyn, New York, *for* Richard Riccardi.

                                 ROBERT A. SOLOWAY, Rothman, Schneider, Soloway & Stern LLP, New York, New York, *for* Louis Grasso.

1

APPEARING FOR APPELLEE:      SUSAN CORKERY (Nicole M. Argentieri, Darren A. Laverne, Ryan Harris, *on the brief*), Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from judgments of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on August 5, 2014, and August 6, 2014, are AFFIRMED.

Defendants Richard Riccardi and Louis Grasso stand convicted, after a joint trial, of robbery conspiracy and robbery, see 18 U.S.C. § 1951(a), and related firearms offenses causing death, see id. § 943(c)(1)(A), (j)(1). Both defendants argue that the district court (1) plainly erred in instructing the jury on the robbery counts, and (2) abused its discretion by admitting evidence of uncharged crimes pursuant to Fed. R. Evid. 404(b). Grasso also argues that the district court abused its discretion by initially denying Grasso's requests for additional defense funds pursuant to the Criminal Justice Act of 1964 ("CJA"). See 18 U.S.C. § 3006A(e)(1). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Grasso's Requests for CJA Funds

Grasso argues that Judge Johnson, to whom this case was originally assigned, committed reversible error in denying CJA funding for an investigator, paralegal, and

2

associate attorney. See United States v. Bah, 574 F.3d 106, 118 (2d Cir. 2009) ("The decision to grant or deny [CJA] funding . . . is committed to the discretion of the district court."). This argument merits little discussion because even if funds were improperly denied initially, the error was rendered harmless by Judge Gleeson's subsequent grant of funds, along with a continuance of trial. See United States v. Salameh, 152 F.3d 88, 118 (2d Cir. 1998) (finding no error where district court initially denied request for CJA funds but later reconsidered and granted request in full). Grasso never argued that the continuance ordered was inadequate, nor does he now demonstrate any concrete harm stemming from the delay in funding. Accordingly, we "perceive no prejudice" from the initial denial of funds and, thus, "no basis for reversal" on this ground. Id.

2. Jury Instructions

As defendants concede, because they did not object in the district court to the jury instructions they now challenge on appeal, our review is limited to plain error. See Fed. R. Crim. P. 30(d), 52(b); United States v. Nouri, 711 F.3d 129, 138 (2d Cir. 2013). Under this standard, defendants must demonstrate (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question the fairness, integrity, or public reputation of judicial proceedings. See United States v. Marcus, 560 U.S. 258, 262 (2010). They cannot carry this burden here.

Defendants submit that the district court failed explicitly to define "robbery" by reference to two statutory elements: (1) that personal property was unlawfully taken or obtained from the person or in the presence of another; and (2) that the property was taken

3

or obtained against the victim's will, by actual or threatened force, violence, or fear of injury. See 18 U.S.C. § 1951(b)(1). Instead, the district court instructed the jury that "to prove the crime of robbery charged in Count Two, the government must establish two elements beyond a reasonable doubt. First, that the defendant or someone he aided and abetted robbed James Donovan at gunpoint. Second, that the robbery in some way obstructed or affected interstate commerce." Riccardi App. 458–59.

A jury instruction is erroneous if it fails to convey to the jury an essential element of the charged offense. See United States v. Quinones, 511 F.3d 289, 315 (2d Cir. 2007). Here, any error the district court committed by failing to define "robbed" to include the unlawful taking of personal property from another does not satisfy prongs three and four of plain error review because the evidence that property was taken from Donovan was "overwhelming and essentially uncontroverted." United States v. Gomez, 580 F.3d 94, 100–01 (2d Cir. 2009); see Neder v. United States, 527 U.S. 1, 18 (1999) (holding omission of element in jury instructions harmless where it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error"); accord United States v. Nouri, 711 F.3d at 140 ("Where the error is an instruction that incorrectly omitted an element of the offense, we will sustain the conviction if we find that the jury would have returned the same verdict beyond a reasonable doubt.") (internal quotation marks omitted).

As for the force requirement, the instruction adequately communicated that element to the jury by requiring a finding that Donovan had been "robbed . . . at gunpoint." This

4

precluded a verdict of guilty based on "any type of theft regardless of the threat or use of force." Riccardi Br. 28. Thus, although the instruction did not expressly track the statutory language, it "adequately inform[ed] the jury on the law." United States v. Al Kassar, 660 F.3d 108, 126 (2d Cir. 2011) (internal quotation marks omitted). See United States v. Crowley, 318 F.3d 401, 415 (2d Cir. 2003) (observing that "this Court has never remotely suggested that it is mandatory for a trial court to use [particular] language in instructing a jury, or indeed that a trial court is required to go beyond [a] perfectly understandable English word"); see also United States v. Ganim, 510 F.3d 134, 142 (2d Cir. 2007) ("No particular form of words is required, so long as taken as a whole the instructions correctly convey the required legal principles." (internal quotation marks omitted)). We thus identify no plain error in the district court's robbery instruction.

3.      Uncharged Crimes Evidence

Defendants fault the district court's admission of evidence that (1) over a year after the charged robbery, law enforcement recovered one 9-millimeter firearm, one .38 caliber revolver (the same type of guns used in the robbery), and related ammunition from Riccardi's residence; (2) Riccardi, Grasso, and cooperating witness Hector Pagan had previously engaged in marijuana trafficking together; and (3) prior to the charged robbery, Pagan, Grasso, and others had robbed a marijuana trafficker in Brooklyn. We review the district court's evidentiary rulings for abuse of discretion, see United States v. Nektalov, 461 F.3d 309, 318 (2d Cir. 2006), and we identify no such abuse here.

Rule 404(b) permits the admission of uncharged crimes, wrongs, or other acts for

5

purposes other than proving propensity. See Fed. R. Evid. 404(b); United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004) (adopting inclusionary approach to Rule 404(b) evidence). Nevertheless, Rule 403 requires the exclusion of relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

a.    Gun and Ammunition Evidence

The district court acted well within its discretion in concluding that the guns and ammunition were not being offered to prove propensity but, rather, as direct evidence of the charged robbery crimes as well as corroboration for Pagan's testimony that Riccardi had provided him with the guns he used to commit the robbery. See United States v. Eppolito, 543 F.3d 25, 47 (2d Cir. 2008) ("Where, as here, the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." (internal quotation marks omitted)); see also United States v. Scott, 677 F.3d 72, 81 (2d Cir. 2012) ("We have consistently held other act evidence admissible to corroborate crucial prosecution testimony." (internal quotation marks and alteration omitted). The government's theory at trial was that Riccardi supplied the guns used in the robbery—the crucial fact disputed by Riccardi. Thus, Riccardi's later possession of guns and ammunition in his home was direct evidence supporting this theory.

Nor did the district court err in concluding that the probative value of the gun evidence outweighed any unfair prejudice under Rule 403. Among other things, "the evidence did not involve conduct more serious than the charged crime." United States v.

6

Williams, 205 F.3d 23, 34 (2d Cir. 2000).  Moreover, the district court's careful and repeated limiting instructions both at the time the gun evidence was admitted and in the final jury charge were sufficient to ensure against any unfair prejudice.  See United States v. Downing, 297 F.3d 52, 59 (2d Cir. 2002) (noting that 404(b) prejudice "can be cured with proper instructions, and juries are presumed to follow their instructions" (internal quotation marks omitted)).

      b.     Marijuana Trafficking and Prior Robbery Evidence

Evidence of prior marijuana trafficking by Riccardi, Grasso, and Pagan and of robbery by Pagan and Grasso was properly admitted "to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, [and] to explain the mutual trust that existed between coconspirators."  United States v. Diaz, 176 F.3d 52, 79 (2d Cir. 1999) (internal quotation marks omitted); accord United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009).  Grasso argues that because the jury heard that Pagan, Riccardi, and Grasso had met while participating in a prior extortion conspiracy, the challenged marijuana/robbery evidence was impermissible "piling on" that "served only to augment Grasso's ostensible criminal propensities in the minds of jurors."  Grasso Br. 40.  While this argument was properly weighed by the district court, we cannot conclude that rejection of the argument was an abuse of discretion.  In a conspiracy as brief as this one—only two months passed between the meeting at which the charged robbery scheme was first discussed and the executing of the robbery—the challenged 404(b) evidence permitted the jury to understand the

7

longstanding nature of the coconspirators' relationship of trust and, therefore, their ability quickly to enter into the charged conspiracy and to execute the robbery. Finally, the district court's clear limiting instructions ensured against any unfair prejudice. See United States v. Downing, 297 F.3d at 59.

Accordingly, we identify no error warranting reversal.

4.      Conclusion

We have considered defendants' remaining arguments and conclude that they are without merit. Therefore, we AFFIRM the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court