United States v. Brito

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand fifteen.

PRESENT: RALPH K. WINTER,
         JOHN M. WALKER, JR.,
         DENNIS JACOBS,
                      Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

United States of America,
         Appellee,

         -v.-                                    14-2742

Jose Aramis Brito,
         Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          GWEN M. SCHOENFELD, Law Office
                        of Gwen M. Schoenfeld, LLC, New
                        York, New York.

_____

    *    The Clerk of Court is respectfully directed to amend the official caption as set forth above.

1

**FOR APPELLEE:**                    ALEXANDER ROSSMILLER, Margaret
                                    Garnett, Assistant United States
                                    Attorneys (<u>for</u> Preet Bharara,
                                    United States Attorney for the
                                    Southern District of New York),
                                    New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, <u>J.</u>)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jose Aramis Brito appeals from the judgment of the United States District Court for the Southern District of New York (Castel, <u>J.</u>), sentencing him principally to 144 months' imprisonment after convictions for (1) conspiracy to commit robbery in violation of 18 U.S.C. § 1951 and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.**  Brito contends that the evidence at trial was insufficient to support the jury's guilty verdicts.  We affirm.

"A defendant challenging the sufficiency of the evidence bears a heavy burden." <u>United States v. Kozeny</u>, 667 F.3d 122, 139 (2d Cir. 2011).  The jury's verdict will be upheld if "<em>any</em> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).  In considering the sufficiency of the evidence on appeal, we consider the record in the light most favorable to the Government. <u>United States v. Temple</u>, 447 F.3d 130, 136 (2d Cir. 2006).  "The traditional deference accorded to a jury's verdict is especially important when reviewing a conviction for conspiracy because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." <u>United States v. Jackson</u>, 335 F.3d 170, 180 (2d Cir. 2003) (internal quotation marks and alteration omitted).

Considering the evidence in the light most favorable to the government, the jury verdicts must stand.  During the drive to the crime scene, Brito asked co-conspirators a series of detailed questions about the plan for the robbery.  Brito argues that his questions sought to elicit information he would weigh in deciding whether to join the conspiracy.  But another available inference is that he was asking these questions in order to be better prepared for the robbery he had agreed to participate in, and was about to take place.

Brito relies heavily on two statements he reportedly made just before police arrived: "This is too easy," and "This doesn't look good, does it?"  But a jury would not be irrational to conclude that Brito was simply showing anxiety about the robbery conspiracy he had hastily joined.  The jury was not compelled to conclude from this evidence that Brito never joined the conspiracy at all.

**2.**  Brito seeks a new trial on the ground that the district court improperly allowed admission of a prior drug conviction under Federal Rule of Evidence 404(b).  We reject this argument too.

We review the district court's evidentiary ruling only for abuse of discretion.  United States v. LaFlam, 369 F.3d 153, 155 (2d Cir. 2004).  This Circuit "has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity."  Id. at 156 (quoting United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003)).  "To determine whether a district court properly admitted other act evidence, the reviewing court considers whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant."  Id.

The Government presented evidence of Brito's prior drug conspiracy conviction to show motive and intent to commit the robbery.  Specifically, because of Brito's knowledge of the drug trade, he could readily monetize the proceeds of the robbery: 50 kilograms of cocaine.  The district court did not abuse its discretion in admitting this evidence, which was accompanied by a clear limiting instruction.

**\*   \*   \***

For the foregoing reasons, and finding no merit in Brito's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
