*United States v. Rahami*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand nineteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judge*,
>JEFFREY ALKER MEYER,
>>*District Judge*.[*]

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                      No. 18-478

AHMAD KHAN RAHAMI, aka AHMAD RAHIMI,

>*Defendant-Appellant*.

| | |
|---|---|
| For Appellee: | Emil J. Bove III, Shawn G. Crowley, Andrew J. Defilippis, Anna M. Skotko, Assistant U.S. Attorneys, *for* Geoffrey S. Berman, U.S. |

---

[*] Judge Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:                           Beverly Van Ness, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ahmad Khan Rahami, also known as Ahmad Rahimi, appeals from a judgment of conviction entered by the district court (Berman, *J.*) on February 13, 2018, following a two-week jury trial. Rahimi was convicted on all eight counts charged in his indictment, and he was sentenced to a total of life imprisonment on Counts One through Six, followed by consecutive sentences of thirty years' and life imprisonment, respectively, on Counts Seven and Eight. On appeal, Rahimi challenges his convictions on Counts Two, Five, and Eight. Rahimi also challenges the district court's decision to admit evidence about bombs that he planted in New Jersey. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Counts Two, Five, and Eight

Rahimi was convicted of use or attempted use of a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a) (Count Two), attempted destruction of property by means of fire or explosive, in violation of 18 U.S.C. § 844(i) (Count Five), and use of a destructive device during and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Eight).[1] On

---

[1] Rahimi's conviction on Count Eight is predicated on his convictions on Counts Two and Five. As Rahimi acknowledges, his challenge to the former thus turns on his challenges to the latter. Because we reject Rahimi's challenge to his convictions on Counts Two and Five, we also reject his challenge to his conviction on Count Eight.

2

appeal, Rahimi argues that the district court erred in instructing the jury that it could convict on Count Two if it found *either* that Rahimi used the bomb that he planted at 27th Street, *or* that he attempted to use it. Rahimi also contends that the government's summation advanced this improper alternative theory of liability, and that the government impermissibly argued that Rahimi's intent to use the 27th-Street bomb could be inferred from his knowledge that the bomb was filled with volatile explosives. Finally, Rahimi argues that the district court erred in failing to instruct the jury that the term "to use"—as the court used that term in setting out the elements of Counts Two and Five—meant "to detonate."

Beginning with the district court's instruction regarding the alternative theory of Count Two liability, and the government's promotion of this theory in summation, Rahimi affirmatively waived any objection by requesting the charge at issue. *See United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) ("[B]y agreeing that the instruction was satisfactory, [the defendant] waived the right to challenge the instruction on appeal.").[2] Rahimi likewise waived any objection to the Count Five instruction with respect to both the district court's use of the term "use" and its failure to define that term. As discussed below, Rahimi objected to the court's failure to define "use" in the context of Count Two, and he argues that this failure "carried over into" the court's instructions on Count Five. We cannot agree. The statute charged in Count Two has use as an element, *see* 18 U.S.C. § 2332a(a), while the statute charged in Count Five does not, *see id.* § 844(i). And although the Count Five instruction—which Rahimi requested—provided that "the government must prove beyond a reasonable doubt that the defendant *used* an explosive in an attempt to damage or destroy property," App'x 183 (emphasis added), the meaning of "used" in

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

3

this context is clearly more capacious than the construction Rahimi proposes. Indeed, on Rahimi's reading, the Count Five instruction would have made it impossible for the government to prove that Rahimi attempted to destroy property by means of an explosive without also proving that Rahimi detonated the explosive.

Moving to the government's summation argument about Rahimi's intent to use the 27th-Street bomb, Rahimi concedes that he did not raise an objection at trial. Accordingly, "a plain error standard of review applies," and Rahimi must "demonstrate[] that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [Rahimi's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Prado*, 815 F.3d 93, 100 (2d Cir. 2016). Rahimi fails at the first step, as he has not demonstrated the existence of an error. "The government has broad latitude in the inferences it may reasonably suggest to the jury during summation," *United States v. Edwards*, 342 F.3d 168, 181 (2d Cir. 2003), and "counsel are free to make arguments which may be reasonably inferred from the evidence presented," *United States v. Roldan-Zapata*, 916 F.2d 795, 807 (2d Cir. 1990). There was ample support for the government's argument that Rahimi knew the 27th-Street bomb was filled with volatile explosives and that this knowledge supported an inference that he intended to use the bomb.

Finally, with respect to Rahimi's argument that the district court erred in failing to instruct the jury that the term "to use" meant "to detonate," Rahimi's counsel did raise an objection at trial. Accordingly, "a harmless error standard of review applies." *United States v. Botti*, 711 F.3d 299, 308 (2d Cir. 2013). "Under this standard of review, a conviction will be affirmed only if it is clear

4

beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id.*

Here, even assuming that the district court erred, any error was harmless. Rahimi argues that if the court had instructed the jury that "to use" meant "to detonate," then Rahimi could have been convicted on Count Two only under an attempt theory because the 27th-Street bomb did not actually detonate. Such a conviction, Rahimi contends, would have required the government to prove that he intended to detonate the 27th-Street bomb, and Rahimi suggests that the government might not have been able to meet this burden.

We disagree. As noted above, and as explained in the government's brief on appeal, there was significant evidence at trial of Rahimi's intent to detonate the 27th-Street bomb. *See* Gov't Br. 19-26. Moreover, the court instructed the jury that a conviction on Count Two required proof that Rahimi acted intentionally. Rahimi is left to argue, then, that the jury convicted him on Count Two only because the government proved that Rahimi intended to plant the 27th-Street bomb, not because the government proved that Rahimi intended to detonate the bomb. Although this is theoretically possible, we think that it is clear beyond a reasonable doubt that a rational jury would have found that Rahimi intended to detonate the bomb.

## II. The New Jersey Bomb Evidence

Rahimi also challenges the district court's decision to admit evidence about bombs that he planted in New Jersey. The court admitted the evidence under Federal Rule of Evidence 404(b) on the grounds that it was "indicative of intent, preparation, plan, knowledge, identity, absence of mistake, etc." App'x 251. Rahimi objected below that the evidence should have been excluded, and he renews that argument on appeal.

Where, as here, an objection to an evidentiary ruling is preserved, we review the ruling for abuse of discretion. *See United States v. Fell*, 531 F.3d 197, 231 (2d Cir. 2008). "Because the district court retains broad discretion to weigh potential prejudice against probative value, appellate courts reviewing a district court's evaluation of evidence under Federal Rule of Evidence 403 generally maximize its probative value and minimize its prejudicial effect." *United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir. 2004) (per curiam). Moreover, "[t]his Circuit has adopted an inclusionary approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012).

Applying these standards, we conclude that the district court did not abuse its discretion by admitting the New Jersey bomb evidence. The evidence was probative of Rahimi's motive, intent, preparation, and planning in connection with his charged conduct. This probative value was significant, moreover, as Rahimi has consistently argued that he did not intend to detonate the 27th-Street bomb. And the New Jersey bomb evidence was no more prejudicial than the evidence that the jury considered in connection with Rahimi's charged conduct. Moreover, the district court gave the jury appropriate limiting instructions.

We have considered all of Rahimi's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6