SUMMARY ORDER
Defendants-Appellants Francisco Marte Robles (“Marte”), Jose Saldana, and Hector Peñaranda (collectively “Appellants”) appeal from judgments of conviction in the United States District Court for the Southern District of New York (Patterson, J.). For the reasons that follow and those contained in our accompanying opinion, we affirm the judgments in all respects. We assume the parties’ familiarity with the facts, the procedural history, and the issues on appeal.
Appellants present several claims. Appellant Marte argues that the district court erred in admitting evidence of an uncharged bad act without engaging in balancing under Fed.R.Evid. 403 and 404(b) and without providing a limiting instruction. Appellants Marte and Salda-na argue that the district court’s Hobbs Act jury instruction deprived them of their Sixth Amendment right to have the jury decide the “interstate commerce” element of their crimes. All three appellants argue that the district court erred in calculating their Sentencing Guidelines ranges. Sal-dana and Peñaranda argue that the district court impermissibly enhanced their sentences because a firearm was brandished during specific robberies, because an object of the conspiracy was narcotics related, and in Penaranda’s case only, because a victim was physically restrained. We address in an accompanying opinion *90 Marte’s argument that the court erred in enhancing Marte’s sentence.
[1] We first address Appellant Marte’s argument that the district court erred in admitting evidence of an “uncharged bad act” — that is, evidence of the October 2000 robbery as an act in furtherance of the conspiracy to rob drug dealers — without engaging in balancing under Fed.R.Evid. 403 and 404(b) and without providing a limiting instruction. This Court will reverse a decision to admit evidence pursuant to Fed.R.Evid. 403 only if the district court “abused its discretion or acted arbitrarily or irrationally.” United States v. Salameh, 152 F.3d 88, 110 (2d Cir.1998) (internal quotation marks and citation omitted). To determine whether a district court properly admitted other act evidence under Fed.R.Evid. 404(b), the reviewing court must consider “whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant.” United States v. LaFlam, 369 F.3d 153, 156 (2d Cir.2004). This Court “has adopted an ‘inclusionary’ approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity.” Id.
An error in admitting evidence should be disregarded if the error is harmless. Fed.R.Crim.P. 52(a). The error will be disregarded as harmless if there is “fair assurance” that the jury’s “judgment was not substantially swayed by the error.” Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). The Court is “not required to conclude that [the error] could not have had any effect whatever; the error is harmless if we can conclude that that testimony was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.” United States v. Rea, 958 F.2d 1206, 1220 (2d Cir.1992) (internal quotation marks and citation omitted).
Because we find that any error as to the admission of Detective Curcio’s testimony regarding the October 2000 robbery was harmless, we need not address whether the district court erred in admitting it. The substantial evidence presented by the Government in support of Marte’s involvement with the conspiracy — the testimony of his coconspirators and his arrest with Saldana in a van full of police paraphernalia, robbery equipment, and a firearm — was sufficient to provide us with “fair assurance,” Kotteakos, 328 U.S. at 765, 66 S.Ct. 1239, that the contested testimony was “unimportant to everything else the jury considered on the issue in question.” Rea, 958 F.2d at 1220.
[2] We next address the argument made by Appellants Marte and Saldana that the district court’s Hobbs Act jury instruction deprived them of their Sixth Amendment right to have the jury decide the “interstate commerce” element of their crimes. A defendant challenging a jury instruction must establish both that he requested a charge that “accurately represented the law in every respect” and that the charge delivered was erroneous and caused the defendant prejudice. United States v. Wilkerson, 361 F.3d 717, 732 (2d Cir.2004). “A party who objects to any portion of the instructions or a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate.” Fed.R.Crim.P. 30(d). When a defendant fails to make an objection, the district court’s instructions are reviewed only for plain error. United *91 States v. Middlemiss, 217 F.3d 112, 121 (2d Cir.2000); Fed.R.Crim.P. 52(b).
The instruction at issue was discussed by counsel at the charge conference. Appellants raised two objections to the proposed instruction, arguing 1) that the instruction improperly permitted the interstate commerce element to be met by a showing only of an attempted robbery, and 2) that there was no federal jurisdiction under the commerce clause pursuant to United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Appellants did not argue that the instruction violated their Sixth Amendment rights have not found relevant Tr. pages in record]. Because Appellants “failed to raise a specific objection to the omission of the necessary ... language ...,” the instruction will be reviewed for plain error. United States v. Skelly, 442 F.3d 94, 99 (2d Cir.2006).
To show “plain error,” a defendant must demonstrate: 1) an error that is 2) “clear or obvious under current law,” United States v. Gonzalez, 110 F.3d 936, 945-46 (2d Cir.1997), and 3) which “affeet[s] substantial rights.” United States v. Bayless, 201 F.3d 116, 128 (2d Cir.2000). An error has affected substantial rights if it was “prejudicial” and “affected the outcome of the district court proceedings.” United States v. Thomas, 274 F.3d 655, 668 (2d Cir.2001) (internal quotation marks and citations omitted). “[R]eversal for plain error is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.” United States v. Dukagjini, 326 F.3d 45, 61 (2d Cir.2003) (internal quotation marks and citations omitted). The evidence at trial included (1) the parties’ stipulation that cocaine and heroin are imported into and are not grown or manufactured in the United States and (2) testimony that Appellants conspired to steal these narcotics. Because that proof clearly demonstrated that the defendants’ criminal conduct would have an impact upon interstate commerce, Appellants cannot successfully argue that their “substantial rights” were plainly affected. We are satisfied that the instruction did not “affeet[ ] the outcome of the district court proceedings.” Thomas, 274 F.3d at 668.
Finally, we address Saldana’s and Penaranda’s argument that the district court erred in calculating their Sentencing Guidelines ranges. The appellants’ challenge raises a question of law, which this Court reviews de novo. See United States v. Sanchez, 517 F.3d 651, 662 (2d Cir.2008).
Saldana and Peñaranda argue that the district court violated their Sixth Amendment jury right when the court enhanced their sentences based on conduct about which the jury had not made findings. This Court has ruled that a district court may take into account even acquitted conduct when sentencing a defendant. United States v. Juwa, 508 F.3d 694, 700 (2d Cir.2007) (“A sentencing court is not limited to considering only evidence of the convicted offense; it may take into account other relevant conduct, and even acquitted conduct ....”) (citations omitted); United States v. Vaughn, 430 F.3d 518, 526 (2d Cir.2005). In Vaughn, we stated that
district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory mandatory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under [21 U.S.C.] § 841(b) not authorized by the verdict.
430 F.3d at 527 (citing United States v. Gonzalez, 420 F.3d 111, 129 (2d Cir.2005)) *92 (emphasis added). None of the three Vaughn factors present an issue here. Appellants have not alleged that the district court believed the Guidelines to be mandatory, and the third factor is not relevant in this case. Appellants’ sentences were below the maximum sentence of 20 years’ imprisonment for their convictions under the Hobbs Act, 18 U.S.C. § 1951. We find no constitutional violation.
For the reasons stated herein and in the accompanying opinion, we AFFIRM the judgment of the district court.