SUMMARY ORDER

Zhao Wu Chen appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Pauley, J.) following a jury verdict finding Chen guilty of bringing, and conspiring to bring, aliens into the United States illegally in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 371. On appeal, Chen argues that various aspects of his prosecution and trial were infirm. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
1. Sufficiency of the Indictment. We review the denial of a motion to dismiss an indictment de novo. United States v. Ebbers, 458 F.3d 110, 125 (2d Cir.2006). “Dismissal of an indictment following a conviction is an extraordinary remedy.” United States v. Lombardozzi, 491 F.3d 61, 79 (2d Cir.2007) (internal quotation marks and alterations omitted). “[T]o warrant dismissal of an indictment after a conviction, the prosecutor’s conduct must amount to a knowing or reckless misleading of the grand jury as to an essential fact.” Id. (internal quotation marks and alterations omitted). “In addition, the mere fact that evidence presented to the grand jury was unreliable, misleading, or inaccurate, is not sufficient to require dismissal of an indictment.” Id.
Chen argues that the admittedly inaccurate testimony of a government witness before the grand jury rendered the indictment infirm, warranting dismissal. But Chen has offered no evidence to support his argument other than the inaccuracy itself, which “is not sufficient to require dismissal.” Id. Moreover, the witness admitted the misstatement at trial. “[A] guilty verdict by a petit jury remedies any possible defects in the grand jury indictment.” United States v. Eltayib, 88 F.3d 157, 173 (2d Cir.1996). The district court properly denied Chen’s motion to dismiss the indictment.
2. Sufficiency of the Evidence. “We review de novo a challenge to the sufficiency of the evidence and affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt.” United States v. Yannotti, 541 F.3d 112, 120 (2d Cir.2008) (internal quotation marks omitted). Chen challenges the sufficiency of the evidence with respect to both the conspiracy and the substantive charges of the indictment.
a. Sufficiency With Respect to Conspiracy. To prove a conspiracy to commit a substantive offense, “the government must show that the defendant agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the of *46 fenses that were the objects of the conspiracy; and that an overt act in furtherance • of the conspiracy was committed.” United States v. Monaco, 194 F.3d 381, 386 (2d Cir.1999) (internal quotation marks omitted). “[T]he government need not show that [the defendant] knew all of the details of the conspiracy, so long as he knew its general nature and extent.” United States v. Rosa, 17 F.3d 1531, 1543 (2d Cir.1994). “A conviction for conspiracy must be upheld if there was evidence from which the jury could reasonably have inferred that the defendant knew of the conspiracy charged in the indictment and knowingly joined and participated in it.” Id. at 1544.
Chen argues that the evidence was insufficient to establish his participation in a conspiracy to smuggle aliens because the government did not prove that he agreed to engage in the conspiracy. But the evidence showed that Chen knew of the conspiracy’s objective to smuggle in aliens for commercial gain and sought to make it succeed. The evidence was sufficient to allow a reasonable juror to find that Chen conspired with Dong to commit the substantive offense.
b. Sufficiency With Respect to the Substantive Offense. To establish a violation of 8 U.S.C. § 1324(a)(2)(B)(ii), the government must prove that the defendant (1) brought or attempted to bring into the United States (2) an alien (3) knowing or in reckless disregard of the fact that the alien was not authorized to enter the United States (4) for commercial advantage or private financial gain. 8 U.S.C. § 1324(a) (2)(B) (ii).
Chen argues that the government failed to prove that he knew (or recklessly disregarded) that the aliens in question were not authorized to enter the United States. He says he had no reason to know that the passport documents he received from China, which he passed along to the confidential informants (together with large sums of cash), were fraudulent. But Chen did pass along the documents — together with $20,000 payments — to the informants with the expectation that the information and payments would facilitate the entry of aliens. The jury could reasonably infer that Chen knew the aliens were not authorized to enter the country legally. The evidence, viewed in the light most favorable to the government, was therefore sufficient to establish that Chen knew or recklessly disregarded the fact that the aliens were not authorized to enter the country.
S. Evidentiary Rulings. “We review evidentiary rulings for abuse of discretion.” United States v. Szur, 289 F.3d 200, 217 (2d Cir.2002) (internal quotation marks and alteration omitted). Chen challenges the district court’s admission of statements he argues were hearsay, and he challenges the admission of ‘salacious’ evidence of his involvement in prostitution.
a. Hearsay. Federal Rule of Evidence 801(d)(2)(E) designates as non-hearsay “a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.” “Before admitting a co-conspirator’s statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule.” Bourjaily v. United States, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). “There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy.” Id. (internal quotation marks omitted). The offering party must prove that these facts are established by a preponderance of the evidence. Id. “[A] court, in making a preliminary factual determination under Rule 801(d)(2)(E), may examine the hearsay statements sought to *47 be admitted.” Id. at 181, 107 S.Ct. 2775. However, “there must be some independent corroborating evidence of the defendant’s participation in the conspiracy.” United States v. Gigante, 166 F.3d 75, 82 (2d Cir.1999).
The district court admitted statements attributed to the father of an alien who said she had been smuggled into the United States by Chen. The alien witness testified that her father had given money and a passport to the conspiracy’s mastermind in China; other witnesses testified that passport information relating to the alien witness was later recovered from Chen. In light of this evidence, the district court did not abuse its discretion in admitting the statements under Rule 801(d)(2)(E).
b. Evidence of Prostitution. “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or' misleading the jury-” Fed.R.Evid. 403. “Because the district court retains broad discretion to weigh potential prejudice against probative value, appellate courts reviewing a district court’s evaluation of evidence under [Rule 403] generally maximize its probative value and minimize its prejudicial effect.” United States v. LaFlam, 369 F.3d 153, 155 (2d Cir.2004) (per curiam) (internal quotation marks and alterations omitted). “[S]o long as the district court has conscientiously balanced the proffered evidence’s probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational.” United States v. Awadallah, 436 F.3d 125, 131 (2d Cir.2006).
The government referred to and introduced evidence of Chen’s involvement in prostitution to establish his commercial purpose and motive for smuggling aliens into the United States. The district court weighed the probative value of this evidence against the risk of prejudice, and determined that the evidence was admissible under Rule 403. We see no abuse of discretion.
Although “[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith,” Fed.R.Evid. 404(b), this Court has adopted an “inclusionary” approach to Rule 404(b), “allowing the admission of such evidence for any purpose other than to show a defendant’s criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 .... ” United States v. Inserta, 34 F.3d 83, 89 (2d Cir.1994).
Chen argues that any pecuniary motive is sufficient to establish a commercial purpose under the alien smuggling statute, and that references to prostitution were therefore inadmissible as prior bad acts evidence under Rule 404(b). The district court admitted the references but issued a limiting instruction explaining that the evidence was admissible to prove commercial purpose as well as motive, opportunity, and plan, but could not be used “as a substitute for proof that the defendant committed the crimes charged.” The district court did not abuse its discretion in admitting the evidence under Rule 404(b).
A Motion for a New Trial. Following his conviction, Chen sought a new trial on the basis of newly discovered evidence, arguing that the evidence should have been produced under the Jencks Act, 18 U.S.C. § 3500, and under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that the government’s failure to produce the evidence warranted a new trial under Federal Rules of Criminal Procedure 16 and 33.
a. Jencks Act. The Jencks Act requires the government to “produce any statement ... of [a government] witness in the possession of the United States which relates to the subject matter as to which *48 the witness has testified.” 18 U.S.C. § 3500(b).
“The legal standard to be applied in determining whether a new trial should be granted when the government fails to produce Jencks Act material depends on whether the suppression was deliberate or inadvertent. If the government deliberately suppresses evidence or ignores evidence of such high value that it could not have escaped its attention, a new trial is warranted if the evidence is merely material or favorable to the defense. But if the government’s failure to disclose is inadvertent, a new trial is required only if there is a significant chance that this added item, developed by skilled counsel, could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction.” United States v. Hilton, 521 F.2d 164, 166 (2d Cir.1975) (citation omitted).
The district court determined that the government’s failure to disclose the recording was inadvertent. That determination is supported by the record. No new trial is necessary under- the Jencks Act unless there is a significant chance that the evidence could have induced a reasonable doubt in the mind of a juror. We agree with the district court that the evidence in question could not have induced a reasonable doubt as to Chen’s guilt.
b. Brady v. Maryland. Brady imposes a general duty on the government ' to produce all information in its possession that is favorable to the defendant and material to the issue of guilt. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Information that could be used to impeach government witnesses must be produced under this rule. Giglio v. United States, 405 U.S. 150, 153-54, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). However, “there is never a real Brady violation unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.” Strickler v. Greene, 527 U.S. 263, 281, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (internal quotation marks omitted). “[T]he trial judge’s conclusion as to the effect of nondisclosure on the outcome of the trial is entitled to great weight....” United States v. Rivalta, 925 F.2d 596, 597 (2d Cir.1991) (internal quotation marks omitted).
The district court found that “it is not reasonably probable that the suppressed evidence would have produced a different verdict.” We agree.
c. Rule S3. Rule 33 permits a district court to order a new trial, in the interest of justice, upon the discovery of new evidence. “Relief is justified under Rule 33 if the defendant makes a showing that the evidence is in fact ‘new’ ... and that the evidence is so material and noncumulative that its admission would probably lead to an acquittal.” United States v. Siddiqi, 959 F.2d 1167, 1173 (2d Cir.1992) (internal quotation marks omitted).
The district court concluded that “given the overwhelming evidence against Chen, [the evidence] would not have changed the outcome of the case.” We agree.

d. Rule 16

Chen moved for a new trial pursuant to Rule 16, Fed.R.Crim.P. On appeal, Chen relegates this argument to a single footnote. “It is well-established in this Circuit that we do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review.” United States v. Svoboda, 347 F.3d 471, 480 (2d Cir.2003) (internal quotation marks and alterations omitted).
Accordingly, we hereby AFFIRM the judgment of the district court.