09-2402-cr
USA v. Hamilton

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT: GUIDO CALABRESI
ROBERT D. SACK
GERARD E. LYNCH,
*Circuit Judges,*

-----------------------------------------------------------------
UNITED STATES OF AMERICA,
*Appellee,*

v.                                                                No. 09-2402-cr

DIRIKI HAMILTON, also known as B, also known as
C.O. Black,
*Defendant-Appellant.*
-----------------------------------------------------------------

APPEARING FOR APPELLANT:     BERNARD KLEINMAN (Gregory Cooper, Esq., *on the brief*), New York, New York

APPEARING FOR APPELLEE:     JENNIFER G. RODGERS (Natalie Lamarque, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction, entered on June 1, 2009, is AFFIRMED.

Defendant Diriki Hamilton appeals from a final judgment, entered after a jury trial in the United States District Court for the Southern District of New York (Marrero, *J.*), convicting him of one count of conspiracy to distribute firearms without a license in violation of 18 U.S.C. § 371 and one count of distributing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). Hamilton was sentenced to concurrent terms of 41 months' imprisonment on each count, to be followed by concurrent terms of three years' supervised release.

On appeal, Hamilton argues first, that certain comments in the prosecutor's opening statement denied him a fair trial, and second, that the prosecutor's failure to disclose certain documents relevant to the impeachment of a Government witness until midway through cross-examination hampered his defense and violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963).

Hamilton contends that the district court erred by denying his motion for a mistrial on the basis of repeated references to drug dealing in the prosecutor's opening statement. In its opening, the prosecutor posited that Hamilton believed that the undercover agent to whom he sold guns was a drug dealer. Hamilton immediately moved for a mistrial, arguing that there was no evidentiary basis for the prosecutor's statement. The district court denied the motion as premature, since the government's evidence had not yet been presented. During trial, the agent testified that he posed as a Jamaican drug dealer and bought arms twice from Hamilton. At the close of the agent's testimony, Hamilton renewed his motion for a mistrial, arguing that there was no evidence that the agent ever presented himself as a drug dealer

directly to Hamilton. The district court again rejected the motion, ruling that since the agent had an extensive relationship with one of Hamilton's co-conspirators, a reasonable juror could infer that Hamilton was aware of the agent's pose.

On appeal, Hamilton argues that since he was charged with dealing weapons rather than drugs, the prosecutor's opening statement was unduly inflammatory and deprived him of a fair trial. In arguing that his conviction should be set aside on the basis of improper statements by the prosecutor, Hamilton faces a "heavy burden," and must demonstrate that "the misconduct alleged [was] so severe and significant as to result in the denial of [his] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993). In this case, the prosecutor's statements cannot be considered misconduct, because they accurately described the evidence that was ultimately presented (without objection) and the implications reasonably drawn from that evidence. Accordingly, the prosecutor's statements did not deprive Hamilton of a fair trial.

Even if the Court were to construe Hamilton's objection to the prosecutor's statements as an objection to the admission of the evidence that the agent posed a drug dealer when buying weapons from Hamilton, this argument would be unsuccessful. Hamilton did not object to the witness' testimony that he posed as a drug dealer when interacting with the suspects. When a defendant fails to object to the introduction of particular evidence, we review the district court's admission of the evidence for plain error. *United States v. Hourihan*, 66 F.3d 458, 463 (2d Cir. 1995). "Before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial

rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001) (en banc) (citations, internal quotation marks, and alterations omitted). Given the broad discretion of the trial judge in evaluating the probative value and the potential prejudices of evidence, *see United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir. 2004), the admission of this evidence cannot meet that standard.

Hamilton's second argument is that two "tactical plans" – documents composed by the undercover agents who bought guns from the defendant – were produced too late in the trial. He claims that this late production violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), which obligates the government to disclose favorable evidence to the accused where such evidence is "material" either to guilt or to punishment, and his rights under *Giglio v. United States,* 405 U.S. 150, 154 (1972), which extends the government's *Brady* obligation to material that can be used to impeach government witnesses. The government is obligated to turn over *Brady* material "no later than the point at which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made." *United States v. Coppa,* 267 F.3d 132, 142 (2d Cir. 2001).

Hamilton requested the tactical plans on the morning of the second day of trial, immediately before the examination of the government's first witness. The prosecutor initially claimed that no such plans existed, but almost immediately, after conferring with the witness, the prosecutor corrected the mistake, acknowledged that plans existed and agreed

4

to produce them. The documents were delivered to Hamilton that afternoon, during the cross-examination of the government's first witness. The trial was later adjourned early so that the plans could be examined overnight by defendant's counsel. Hamilton contends that his defense was "hobbled" by the fact that he didn't receive these tactical plans sooner, despite the fact that the government produced the plans within hours of his request and the witnesses were cross-examined using the tactical plans.

"To demonstrate [a violation of his rights under *Brady*,] a defendant must show that: (1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *Coppa*, 267 F.3d at 140. In this case, defendant has met none of these requirements. The documents were not suppressed, since they were provided during the trial, Hamilton's counsel was given sufficient time to examine them, and all witnesses to whom the documents were relevant were cross-examined on their contents. Furthermore, Hamilton has provided no coherent explanation of how the tactical plans were favorable to his defense or how he was prejudiced by the Government's failure to disclose them sooner. Accordingly, there is no reasonable possibility that earlier disclosure of the documents would have altered the jury's guilty verdict.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5