United States v. Jimenez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand fourteen.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
SUSAN L. CARNEY,
*Circuit Judges.*

———————————————————————————————

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                          No.    13-2874

RAFAEL JIMENEZ, also known as Tobacco,
*Defendant-Appellant,*
GILBERT CESPEDES,
*Defendant.*\*

———————————————————————————————

APPEARING FOR APPELLANT:        James M. Branden, New York, NY.

APPEARING FOR APPELLEES:        Christopher D. Frey and Justin Anderson, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

———————————

\* The Clerk is respectfully directed to amend the official caption in this case to conform with the caption above.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

On July 30, 2008, Defendant-appellant Rafael Jimenez was found guilty of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 812, 841(a), and 841(b)(1)(A). The district court sentenced Jimenez principally to 240 months' imprisonment, which the court determined to be the mandatory minimum based on Jimenez's prior felony conviction. Jimenez appealed this sentence on the grounds that his prior felony conviction was not a proper predicate for the elevated mandatory minimum, and the Government conceded error.[1] On July 23, 2013, the district court resentenced Jimenez principally to 150 months' imprisonment.

In this appeal, Jimenez asserts two trial errors: (1) admission of evidence of his 2005 narcotics arrest; and (2) the district court's issuance of a conscious-avoidance instruction. Additionally, Jimenez argues that the district court committed two sentencing

---

[1] In Jimenez's first appeal (No. 09-2259), following briefing under Anders v. California, 386 U.S. 738 (1967), a motions panel of this Court permitted Jimenez's original counsel to withdraw and ordered that new counsel be appointed to brief the sentencing issue, see Order dated Sept. 7, 2011. Because the appeal before us – Jimenez's second – presents the first occasion for Jimenez to raise conviction challenges with the full benefit of counsel, however, we exercise our discretion to consider here those challenges as well as those that address Jimenez's resentencing. See generally Rezzonico v. H&R Block, Inc., 182 F.3d 144, 148-49 (2d Cir. 1999).

errors by: (1) including Jimenez's 2004 narcotics conviction in its criminal history calculation; and (2) finding that Jimenez was under a criminal justice sentence at the time of the instant offense. Lastly, in a supplemental *pro se* brief, Jimenez asserts that: (1) he received ineffective assistance of counsel; (2) he was deprived of his rights under the Confrontation Clause; (3) the jury failed to determine a drug quantity; (4) he was provided inadequate notice of videotape evidence; and (5) his trial violated the Speedy Trial Act. We assume the parties' familiarity with the underlying facts and procedural history.

    1. Admission of Other Crimes Evidence

"We review evidentiary rulings for abuse of the district court's broad discretion, reversing only when the court has acted arbitrarily or irrationally." United States v. Nektalov, 461 F.3d 309, 318 (2d Cir. 2006) (internal quotation marks omitted). Where, as here, a defendant fails to object to an evidentiary ruling in the district court, we review only for plain error. See United States v. Edwards, 342 F.3d 168, 179-80 (2d Cir. 2003). To establish plain error, an appellant must show, inter alia, that "the error is clear or obvious, rather than subject to reasonable dispute." United States v. Marcus, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

This Court "has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004). To determine whether a district court properly admitted evidence under Rule

3

404(b), we consider "whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." Id. To admit a previous drug offense as evidence of a defendant's knowledge, the Government "must identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." United States v. Garcia, 291 F.3d 127, 137 (2d Cir. 2002).

Jimenez argues that the Government failed to show any similarity between his 2005 narcotics arrest and the instant offense, except that both involved cocaine. He contends that because the 2005 offense involved a "retail" amount of cocaine, it has only slight probative value to prove the instant "wholesale" offense.

We find no error in the admission of Jimenez's 2005 offense. Jimenez's principal defense at trial was that, despite highly suspicious circumstances, he did not realize (or only belatedly realized) that a cocaine deal was taking place. Evidence of past cocaine sales was probative in evaluating this defense, because it is a reasonable inference that someone with experience in the cocaine business would be more likely than the average person to identify the tell-tale signs of a drug deal in progress. "Where, for example, the defendant does not deny that he was present during a narcotics transaction but simply denies wrongdoing, evidence of other arguably similar narcotics involvement may, in appropriate circumstances, be admitted to show knowledge or intent." United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994). Weighed against this probative value, evidence

4

of possession of a much smaller amount of cocaine than that at issue in this case presented little danger of prejudice. Moreover, the district court instructed the jury that it could "not consider the evidence of these other acts as a substitute for proof that [Jimenez] committed the crime charged in the indictment." Trial Tr. 159. Undue prejudice is minimized where, as here, "the evidence did not involve conduct more serious than the charged crime and the district court gave a proper limiting instruction." United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000).

2. Conscious-Avoidance Instruction

"We review a claim of error in jury instructions *de novo*, reversing only where, viewing the charge as a whole, there was a prejudicial error." United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir. 2003). "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." United States v. Ebbers, 458 F.3d 110, 124 (2d Cir. 2006) (internal quotation marks omitted). "Knowledge" in conspiracy cases, such as this one, consists of two elements: "1) knowing participation or membership in the scheme charged and 2) some knowledge of the unlawful aims and objectives of the scheme." United States v. Lanza, 790 F.2d 1015, 1022 (2d Cir. 1986). The conscious-avoidance doctrine may establish the latter element, but not the former. See United States v. Reyes, 302 F.3d 48, 54-55 (2d Cir. 2002).

Jimenez argues that the conscious-avoidance instruction was erroneously used to establish the "knowing participation" element of knowledge of the conspiracy. Jimenez also claims that a conscious-avoidance instruction was improper here because he admitted to actual knowledge that a drug transaction was taking place once he heard the word "kilos," and thus could not be convicted on the basis of constructive knowledge. Jimenez argues that his defense was not that he was unaware that a drug transaction was being discussed, but rather that he believed the seller did not have cocaine, and intended to steal the money of the alleged purchaser, Jimenez's co-conspirator, Gilbert Cespedes.

Jimenez's position disregards the fact that he did indeed testify that he was ignorant of the meeting's true purpose until minutes before his arrest. Jimenez claimed that he accompanied Cespedes to a meeting in a restaurant parking lot with $20,000 in the belief that they were purchasing cars. Thus, Jimenez took acts in furtherance of the conspiracy while purportedly unaware of the conspiracy's unlawful aims. The circumstances could permit a jury to conclude that Jimenez shut his eyes to a high likelihood that illegal activity was occurring, and thus that he knew of the purpose of the meeting much earlier than he admitted.

Jimenez's assertion that the conscious-avoidance doctrine was used to establish his knowing participation in the conspiracy is also unfounded. Rather, his knowing participation was established through evidence of the overt acts discussed above; only his knowledge of the conspiracy's goal was at issue. Accordingly, we find no error in the district court's conscious-avoidance instruction.

6

### 3. Criminal History Score: Prior Felony

Jimenez contends that his 2004 narcotics conviction should not have counted toward his criminal history score for the same reason that it was not a proper felony predicate under 21 U.S.C. § 841: because he "might well have possessed an inert, harmless substance, the 2004 conviction should not be used against him in any way, including for criminal history points." Appellant's Br. 25.

This argument misunderstands the criteria for calculating a defendant's criminal history. Jimenez's 2004 conviction was not a proper predicate for a prior felony information because the Connecticut statute under which he was convicted criminalizes possession of substances that do not meet the federal definition of a "felony drug offense" under 21 U.S.C. § 802(44), as required under 21 U.S.C. § 841, and no findings in the 2004 proceeding established that the substance Jimenez possessed fell within the federal definition. Under U.S.S.G. § 4A1.2(c), however, "*all* felony offenses are counted," so long as they fall within the time limits set forth in U.S.S.G. § 4A1.2(e) (emphasis added), regardless of whether they are equivalent to federal narcotics felonies. As Jimenez's 2004 conviction was a felony falling within the applicable time period, it was properly included in Jimenez's criminal history.

### 4. Criminal History Score: Criminal Justice Sentence

Under U.S.S.G. § 4A1.1(d), two points are added to a defendant's criminal history score if the defendant committed the instant offense while under a criminal justice sentence, including probation. A defendant is also deemed under a criminal justice

7

sentence if a violation warrant from a prior sentence is outstanding at the time of the offense.  U.S.S.G. § 4A1.1(d) cmt. n.4.

Jimenez argues that the district court lacked an adequate evidentiary basis for finding that Jimenez was under a criminal justice sentence at the time of the instant offense.  Specifically, Jimenez contends that the record did not support the pre-sentence report's ("PSR") conclusion that Jimenez was on probation or subject to an outstanding warrant at the time of the instant offense.

"Under [Connecticut] General Statutes § 53a-31(b) '[i]ssuance of a warrant or notice to appear for violation . . . shall interrupt the period of the sentence as of the date of such issuance until a final determination has been made by the court . . . .'"  State v. Gibson, 969 A.2d 784, 799 (Conn. App. 2009).  The record shows that Jimenez was charged by the State of Connecticut with violation of probation on May 24, 2005, admitted to the violation on May 2, 2006, but was apparently never sentenced on the violation before the charge was eventually dismissed on October 17, 2011.  Thus, regardless of whether the PSR accurately reported that a failure-to-appear warrant was issued on July 19, 2006, because the violation charge remained pending until 2011, Jimenez was on probation – and thus under a criminal justice sentence – at the time of the instant offense in 2007.

5. *Pro Se* Arguments

a.  Ineffective Assistance of Counsel

To establish ineffective assistance under the test set forth in Strickland v.

8

Washington, 466 U.S. 668 (1984), a defendant must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." Carrion v. Smith, 549 F.3d 583, 588 (2d Cir. 2008) (internal quotation marks omitted). Jimenez argues that his trial counsel was ineffective for failing to seek (i) certain discovery pertaining to Government informants and (ii) a jury instruction that a defendant cannot conspire with a Government informant.

Jimenez has failed to explain what he believes further discovery would have revealed or how he was prejudiced by the failure to obtain it. As to the jury instruction, the district court in fact did instruct the jury that Jimenez could not be convicted for conspiring with a government agent. See Trial Tr. 306. In any event, the government's case was clearly based on the theory that Jimenez conspired with Cespedes, not with an unnamed government informant.

### b. Confrontation Clause

Jimenez also argues that he was denied the opportunity to confront his accusers in violation of Crawford v. Washington, 541 U.S. 36 (2004). Although he does not specifically identify the testimony he claims violated his Confrontation Clause rights, the argument appears to be based on the admission of recordings containing the voices of government informants. However, a cooperator's "statements on [a] body wire recording are not within the 'core class of testimonial statements' described in Crawford," United States v. Burden, 600 F.3d 204, 225 (2d Cir. 2010), and the admission of the recordings therefore did not violate Jimenez's rights under the Confrontation Clause.

9

### c. Drug Quantity

Jimenez asserts that the jury did not determine what quantity of drugs he conspired to possess, thereby violating the requirement of Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), that any fact that increases a mandatory minimum sentence for a crime must be submitted to the jury. Here, the jury found that "the conspiracy involve[d] an agreement to distribute or possess with intent to distribute 5 kilograms and more of mixtures of substances containing detectable amounts of cocaine." Trial Tr. 336. Under 21 U.S.C. § 841(b)(1)(A), that finding was sufficient to support the mandatory minimum sentence to which Jimenez was subject and thus complied with Alleyne. Alleyne does not require that a jury find drug quantities relied on by the court in selecting a sentence within the statutory bounds, as the Sixth Amendment does not apply to "factfinding used to guide judicial discretion in selecting a punishment within limits fixed by law." Alleyne, 133 S. Ct. at 2161 n.2 (internal quotation marks omitted).

### d. Discovery

Jimenez claims that the Government failed to provide adequate notice of a video recording and expert testimony presented as evidence at trial. However, the record shows that Jimenez received a copy of the video recording during discovery, and notice of the Government's expert testimony in compliance with Federal Rule of Criminal Procedure 16(a)(1)(G). See Supp. App. 1, 3-9.

### e. Speedy Trial Act

Finally, Jimenez argues that the government violated the Speedy Trial Act by failing to bring him to trial within 70 days of his indictment, as required by 18 U.S.C. §

3161.  That argument was waived by Jimenez's failure to raise it in the district court.  <u>See</u> 18 U.S.C. § 3162(a)(2).  Moreover, giving effect to the various applicable exclusions permitted under 18 U.S.C. § 3161(h), Jimenez was tried within the time allotted by the Speedy Trial Act.

We have considered all of Jimenez's remaining arguments and find them to be without merit.  For the foregoing reasons the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court