17-2279-cr
*United States v. Person*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand eighteen.

Present:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                      17-2279-cr

EVELYN PERSON,

*Defendant-Appellant*.[1]

---

| | |
|---|---|
| For Appellee: | CRAIG R. HEEREN (Susan Corkery, Michael P. Robotti, *on the brief*), Assistant United States Attorneys of Counsel, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant: | DAVID GORDON, New York, NY. |

---

[1] The Clerk of Court is directed to amend the official caption to conform with the caption above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Evelyn Person ("Person") appeals from a judgment of conviction entered on July 21, 2017, in the United States District Court for the Eastern District of New York. Person was convicted after a jury trial of conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(c), and of aiding and abetting the unlawful use of a firearm in furtherance of drug crimes, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i). *See United States v. Person*, No. 15-cr-466, 2017 WL 2455072 (E.D.N.Y. June 6, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      Motion to Reopen Suppression Hearing**

First, Person argues that the district court erred in declining to reopen an evidentiary hearing on her motion to suppress evidence, based on the ground that prior counsel provided ineffective assistance at the suppression hearing. We disagree. We review a district court's decision whether to reopen a suppression hearing for abuse of discretion. *United States v. Oliver*, 626 F.2d 254, 260 (2d Cir. 1980). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012) (internal quotation marks omitted). A factual finding "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *United States v. Sash*, 396 F.3d 515, 521 (2d Cir. 2005) (quoting *United States v. Ekwunoh*, 12 F.3d 368, 370 (2d Cir. 1993)). Factual findings that are based on credibility determinations are entitled to "particularly strong deference." *United States v. Mendez*, 315 F.3d 132, 135 (2d Cir. 2002).

Here, the district court specifically held that its decision to deny the motion to suppress was "determined by [its] evaluation of the credibility of the witnesses," including by "observ[ing] the witnesses" and "their demeanor as they responded to questions on direct and cross examination." *United States v. Smith*, No. 15-cr-466, 2016 WL 3144601, at *2 (E.D.N.Y. June 3, 2016). "[C]redibility determinations are the province of the trial judge, and should not be overruled on appeal unless clearly erroneous." *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 177, 210 (2d Cir. 2008) (quoting *United States v. Yousef*, 327 F.3d 56, 124 (2d Cir. 2003)). Person's motion to reopen informed the district court of additional evidence that she contended would bolster her testimony while casting doubt on the police officers' testimony. But the district court nevertheless decided not to reopen the suppression hearing, adhering to its view that Officer Thevenin's testimony was more believable than Person's testimony. "The surrounding circumstances having thus been explored by the court, the decision not to reopen did not constitute an abuse of discretion."[2] *Oliver*, 626 F.2d at 260.

To the extent that Person wishes to raise an ineffective assistance of counsel claim, any such claim should be brought in a habeas proceeding in view of the absence of an adequate record. *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000); *see also Massaro v. United States*, 538 U.S. 500, 504–05 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct

---

[2] While adhering to its original credibility determination was a proper exercise of the court's discretion not to reopen the hearing, we note that the district court's additional reason—requiring that the evidence be newly discovered in an ineffective assistance of counsel claim—was inappropriate.

appeal for deciding claims of ineffective-assistance . . . [because w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.").

## II.    Evidentiary Rulings

Next, we also reject Person's challenges to the district court's evidentiary rulings.    We review evidentiary rulings "under a deferential abuse of discretion standard."    *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015).    "To find such abuse, we must conclude that the trial judge's evidentiary rulings were arbitrary and irrational."    *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009).    And even if a district court makes an erroneous evidentiary ruling, we will not reverse that decision if the error was harmless.    *United States v. McGinn*, 787 F.3d 116, 127–28 (2d Cir. 2015).

The district court's admission of Person's prior arrest under Rule 404(b) as evidence of knowledge and intent was not an abuse of discretion.    Fed. R. Evid. 404(b); *see also United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004) (noting that this Court "has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity").    To determine whether other act evidence was properly admitted, we consider "whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant."    *Id.*    Person's principal defense was that even though her alleged co-conspirator was indeed using her apartment as a stash house and conspiring to distribute drugs, Person herself did not know about and so could not have had any intent to participate in the drug-

4

related activity occurring in her apartment. Person's prior arrest for possession of crack cocaine occurred the day after a search warrant was executed at her apartment and two men (including one man who had been living at her apartment for at least one month) were also arrested at her apartment for possession of crack cocaine.[3] Such evidence speaks directly to Person's knowledge of and intention to commit the charged crimes of conspiring to distribute drugs and maintain a stash house. *United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994) ("Where, for example, the defendant does not deny that he was present during a narcotics transaction but simply denies wrongdoing, evidence of other arguably similar narcotics involvement may, in appropriate circumstances, be admitted to show knowledge or intent."); *see also Mercado*, 573 F.3d at 141 (noting circumstances of other acts can provide background information showing that the conduct might reflect "more than innocent acts of a friend . . . [and] at least suggest that Defendant was not an innocent pawn taken by surprise by the drug transaction"). Any potential for prejudice was not unfair under Rule 403 and was ameliorated by the district court's careful limiting instructions. *United States v. Roldan–Zapata*, 916 F.2d 795, 804 (2d Cir.1990) (upholding admission where the "evidence . . . did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged"); *see also United States v. Snype*, 441 F.3d 119, 129–30 (2d Cir. 2006) ("[T]he law recognizes a strong presumption that juries follow limiting instructions."). Accordingly, it was not an abuse of the district court's discretion to admit the evidence.

It also was not an abuse of discretion for the district court to exclude the photograph of a

---

[3] Person also argues that there was insufficient evidence to find that a similar act occurred. This argument is squarely foreclosed by *Huddleston v. United States*, 485 U.S. 681 (1988). The government proffered testimony from the arresting officers and documentary evidence including arrest reports and the property clerk's invoices, and Person herself also testified about the execution of the search warrant in her apartment, the arrest of two men at her apartment, and her own arrest on the following day. The district court did not err in concluding that "consider[ing] all evidence presented to the jury," a reasonable jury could find by a preponderance that the similar act did take place. *Id.* at 690–91 ("[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts.") (quoting *Bourjaily v. United States*, 483 U.S. 171, 179–80 (1987)).

police officer wearing a party mask during the search of Person's apartment. It was not "arbitrary and irrational" for the district court to conclude that the photograph was not probative of the witness's credibility. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (permitting district court to "impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant"). And even assuming that the conduct depicted in the photograph was probative of credibility, Rule 608 instructs that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct" for that purpose. Fed. R. Evid. 608(b); *see also United States v. Atherton*, 936 F.2d 728, 733 (2d Cir. 1991) (finding mere fact of prior misconduct "not probative of bias, and . . . therefore [extrinsic evidence of the misconduct was] appropriately excluded pursuant to Fed. R. Evid. 608(b)"). Though the district court ruled that the photograph would not be admitted as evidence, it did not preclude counsel from questioning the witness about that conduct on cross-examination.

Moreover, the district court did not abuse its discretion in refusing to admit a store transaction log documenting that Person cashed her paychecks, after the district court already permitted Person to testify at length about the details of her pay stubs (which were admitted into evidence) and to explain how she cashed her pay checks but spent only a portion of that cash. The district court also allowed Person to describe the store transaction log without resorting to the document itself. We similarly conclude that the district court did not abuse its discretion in declining to admit a photograph of Person which purportedly showed what she was wearing on the morning of her arrest. Person testified about her outfit that morning, and the photograph admittedly was not taken at that time. Considered in context, "[t]he court had discretion to exclude further proof." *United States v. Weiss*, 930 F.2d 185, 198 (2d Cir. 1991) (relying on Rule

6

403 to affirm the district court's decision to preclude further questioning on an issue because "the evidence would have had minimal probative value . . . and its admission would have required unnecessary delay"); *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . undue delay, wasting time, or needlessly presenting cumulative evidence.").

## III.    Inconsistent Verdict

Finally, Person argues that the jury returned an inconsistent verdict warranting a new trial because although the jury found Person guilty of "Conspiracy to Distribute and Possess with Intent to Distribute Narcotics," the jury answered "No" in response to two special interrogatories that asked:   (1) "Did the government prove that the defendant was responsible for a substance containing cocaine base?"; and (2) "Did the government prove that the defendant was responsible for a substance containing heroin?"   J.A. 77.   This argument is meritless.

The district court instructed the jury as to the required proof for the government to show that Person participated in a drug conspiracy, and Person does not assert that those jury instructions were erroneous in any way.   The district court did not address the special interrogatories in its jury instructions, and thus never defined for the jury what it meant for Person to be "responsible for" drugs such that the special interrogatories should be answered in the affirmative.   Finally, this omission does not itself constitute grounds for vacatur:   drug type and quantity are not an element of the charged conspiracy offense.   *See United States v. Taylor*, 816 F.3d 12, 19 (2d Cir. 2016) (approving special verdict form that "separated the issue of conspiratorial liability from [drug] quantity"); *see also United States v. Daniels*, 723 F.3d 562, 572 (5th Cir. 2013) ("[F]ailure to prove drug quantity or type does not undermine a defendant's conviction [for conspiracy with intent to distribute drugs].").

7

In such circumstances, we "assum[e] the jury acted in a consistent manner and followed the instructions of the district court." *United States v. Pforzheimer*, 826 F.2d 200, 205 (2d Cir. 1987). Doing so, the jury must have found that Person was guilty of conspiracy to distribute and possess with intent to distribute narcotics because "a jury is presumed to follow the instructions of the trial judge" and "the nature of the verdict of the jury is clear." *Id.* (upholding jury verdict even after concluding that a special interrogatory was erroneously worded); *see also United States v. Clemente*, 22 F.3d 477, 481 (2d Cir. 1994) (concluding that a general guilty verdict was not inconsistent with an answer to a special interrogatory because the act described in the special interrogatory was "not a necessary element of the offense"). Here, the jury was also properly instructed that Person, assuming she participated in the conspiracy, was "equally culpable" of conspiring even though she "participated in [the] conspiracy to a degree more limited than that of the other co-conspirators." Trial Tr. 818. The jury may thus have concluded that Person's actions, while sufficient for conviction of the charged crime of conspiracy, did not rise to the (undefined and ambiguous) level of her being held "responsible for" the drugs in comparison to her co-conspirator's actions. *Blissett v. Coughlin*, 66 F.3d 531, 535 (2d Cir. 1995) ("When a claim is made that a jury's answers to special interrogatories are inconsistent, our responsibility as a reviewing court is to adopt a view of the case, if there is one, that resolves any seeming inconsistency."). We therefore conclude that the jury's general verdict and special interrogatories are not inconsistent, and a judgment of acquittal or a new trial is not required.

\*　　\*　　\*

We have considered Person's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk